# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. GOVERNMENT, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:17-CV-00757<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

Before the Court is a civil action, as well as motion to proceed *in forma pauperis*, filed by *pro se* litigant Daniel J. Richardson.[1] (Doc. 1; Doc. 2). Upon careful review of Richardson's complaint, it is respectfully recommended that Richardson's complaint be dismissed.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

The above-captioned action was initiated by the filing of a complaint by Richardson on April 28, 2017. (Doc. 1). The complaint seeks "compensatory, injunctive, declaratory [and] punitive relief" for violations of 42 U.S.C. § 1983, as well as numerous Constitutional amendments, against the U.S. Government and Federal Bureau of Investigation, Narcotics Division. (Doc. 1, at 1-2). In his complaint, Richardson asserts that for approximately 20 months, "government actors . . . whom he strongly believes to be agents of [t]he Federal Bureau of Investigations have invaded [h]is privacy, conspired to interfere with and subjugated his

---

[1] Richardson's motion to proceed *in forma pauperis* is GRANTED, per the Order filed concurrently with this Report and Recommendation.

constitutional rights[] as a United States Citizen." (Doc. 1, at 3-4). Richardson alleges that he constantly hears "crackling" noises in his home, which he believes to be "bugging" devices. (Doc. 1, at 4). He further asserts that he is tracked by "40-50" agents "24 hours a day" and followed by the same "25-30 vehicles" occupied by agents on a daily basis. (Doc. 1, at 4). He also states that "15-20" agents have repeatedly followed his movants, surrounding him on occasion, causing "frantic, anxietal, nervous" feelings causing psychological instability. (Doc. 1, at 5). He asserts these actions constitute illegal search and seizure in affront to the Fourth and Fifth Amendments, as well as violating his due process rights under the Fourteenth Amendment.

## II. SCREENING STANDARDS

Under 28 U.S.C. § 1915(e)(2), the Court may review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> [s]tandards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more

2

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Assoc'd Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Finally, a document filed *pro se* is "to be liberally construed."

*Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### III. DISCUSSION

It is the speculative nature of Richardson's claims that give the Court pause. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, to satisfy the plausibility standard – a lower requirement than a showing of probability – the complaint must indicate that the defendant's

4

liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Ransom v. Carbondale Area School Dist.*, 982 F.Supp.2d 397, 401 (M.D. Pa. 2013) (quoting *Iqbal*, 556 U.S. at 679).

While the Court is obligated to accept as true all well-plead factual assertions in a pleading when reviewing a motion to dismiss, the factual assertions are undermined by the speculative nature of Richardson's complaint. In the first paragraph of his statement of claim, Richardson acknowledges that he is not sure who is responsible for the actions in question. Richardson states that "he strongly believes" that the FBI have invaded his privacy and conspired to interfere with his constitutional rights. (Doc. 1, at 3). It is not merely that Richardson does not know the identities of the individual agents acting to thwart his constitutional rights, which would be understandable given the facts alleged. However, Richardson does not know the agency or subdivision thereof that has infringed upon his rights. The assertion that the infringement he alleges is the result of the actions of the FBI therefor can only be deemed a conclusory statement that federal courts are not bound to accept for the purposes of a motion to dismiss. The conclusory statements are fatal, tainting any of Richardson's otherwise well-plead factual assertions. Richardson's own complaint states that he does not know the actors responsible. Thus, his allegations plainly falling under "mere possibility" restrictions stated in *Ransom* and *Iqbal*.

Further supporting this conclusion are Richardson's claims of "bugs" and "tracking devices" used to keep tabs on him. Richardson asserts that he "believes agents have planted a bugging device and maybe even video recording device in his home or vehicle." (Doc. 1, at 4).

He further states that the fact agents have been able to track him for the last 600+ days "could only be achieved by attaching a[] clandestine, unlawful global positioning satellite device upon his personal private vehicle and illegally tracking emitted signals from his smartphone." (Doc. 1, at 4). However, Richardson has not provided facts to support either allegation, merely assuming that each is accurate.

This type of speculative pleading must be dismissed if encountered upon screening a complaint brought *in forma pauperis* for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). Falling short of the pleading standards articulated in *Iqbal* and *Twombly*, the Court has no choice but to recommend that Richardson's complaint (Doc. 1) be **DISMISSED**.

### IV. LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). While mindful to the plight faced by many *pro se* litigants, the Court recommends that Richardson be **DENIED** leave to amend his complaint. Richardson has not demonstrated the ability to amend his complaint in a manner rendering the complaint facially plausible, as opposed to merely speculative. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). By contrast, he clearly indicates that he is not aware of the actors responsible for his perceived constitutional violations. Amendment at this time would therefore be futile, and as a result his complaint should be **DISMISSED WITH PREJUDICE**.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Plaintiff Daniel Richardson's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. It is further recommended that Richardson be **DENIED** leave to amend, and the Clerk of Court be directed to close this case.


**Dated: May 15, 2017**                                          *s/ Karoline Mehalchick*
                                                                  **KAROLINE MEHALCHICK**
                                                                  **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. RICHARDSON,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. GOVERNMENT, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:17-CV-00757<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 15, 2017**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: May 15, 2017**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**